■ AURORA G. FALLE, Appellant, v THEODORE Z. METALIOS et al., Respondents.—In an action to recover a broker's commission and for punitive damages, the plaintiff appeals (1) from an order of the Supreme Court, Queens County (Graci, J.), dated September 4, 1986, which granted the motion of the defendant Long Island Savings Bank to dismiss the complaint insofar as it is asserted against it, and (2) as limited by her brief, from so much of an order of the same court, also dated September 4, 1986, as denied her cross motion for summary

judgment and granted the cross motion of the defendant Century 21 of the Northeast, Inc., for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the orders are affirmed and affirmed insofar as appealed from, respectively, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff entered into a contract with the defendant Theodore Metalios, a licensed real estate broker, for the sale of her property for $221,000. Mr. Metalios had written into the contract that he was buying the property for his own benefit and interest with the intent to resell it. At the same time the plaintiff executed a brokerage agreement with Century 21 Metalios Real Estate, Inc. for the payment of commissions in the amount of $11,000. Mr. Metalios was an officer of Century 21 Metalios Real Estate, Inc.

One month later, the parties went to the closing of title. Apparently, Mr. Metalios had entered into a contract for the sale of the premises to a third-party purchaser for $235,000. This third-party purchaser was present at the closing along with the mortgage lender, the Long Island Savings Bank, Mr. Metalios, and a representative from Century 21 Metalios Real Estate, Inc. The closing statement indicates that the purchase price was $221,000 and that Mr. Metalios received $19,000 from the mortgage proceeds. Century 21 Metalios Real Estate, Inc. also received its commission.

Thereafter, the plaintiff brought this action, *inter alia,* seeking to hold Mr. Metalios, Century 21 Metalios Real Estate, Inc. and Metalios Real Estate, Inc. responsible for a breach of their fiduciary duties of good faith and fair dealing. She contended that these defendants knew of the existence of the third-party purchaser who was willing to offer more for the property at the time Mr. Metalios had executed the contract of sale with her. She claimed that the Long Island Savings Bank was involved in the conspiracy to deprive her of the profit on the property and that the bank failed to comply with the regulations of the United States Department of Housing and Urban Development. Finally, she asserts that Century 21 of the Northeast, Inc. was responsible for the misconduct of its franchisee, Century 21 Metalios Real Estate, Inc., on an agency theory.

The Supreme Court properly dismissed the complaint against the Long Island Savings Bank, since, at the closing, the bank properly complied with its requirements under 12 USC § 2603 by preparing a statement which disclosed the

costs to be imposed upon the seller and the buyer. Otherwise, the bank owed no duty to the plaintiff to ascertain that the documents were proper. In addition, the plaintiff's claim of conspiracy must fail since there is no civil tort of conspiracy independent from other torts *(see, Gould v Community Health Plan,* 99 AD2d 479).

Moreover, the Supreme Court properly granted the motion of Century 21 of the Northeast, Inc. for summary judgment. The franchisor-franchisee relationship does not give rise to liability for the franchisee's misconduct absent some showing that the franchisor had actual knowledge of the misconduct *(see, Matter of Sperte v Shaffer,* 111 AD2d 856).

Finally, the denial of summary judgment to both the plaintiff and the defendants Theodore Metalios, Metalios Real Estate, Inc., and Century 21 Metalios Real Estate, Inc. was also proper since the record discloses that there exist questions of fact as to whether there had been full and fair disclosure of the existence of a possible buyer to the plaintiff by these defendants in their capacity as brokers. The fact that Mr. Metalios had acted as contract vendee did not terminate his obligations to the plaintiff to act in her best interest as the agent of her broker, Century 21 Metalios Real Estate, Inc. Thompson, J. P., Bracken, Brown and Eiber, JJ., concur.