■ MARC BURRELL et al., Appellants, v INTERNATIONAL ASSOCIATION OF FIREFIGHTERS et al., Respondents. [628 NYS2d 355] —In an action to recover damages for intentional infliction of emotional distress, negligent infliction of emotional distress, harassment, and conspiracy, the plaintiffs appeal from the order of the Supreme Court, Westchester County (Rosato, J.), dated February 16, 1994, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendant Richard Nestro charged the plaintiffs, who are members of the defendant labor union and paid professional firefighters in the City of New Rochelle, with violating the constitution and the bylaws of the union by being members of volunteer fire departments or ambulance corps. The union charges against the plaintiffs were dismissed approximately one-half year later. In the meantime, the plaintiffs had commenced this action against the defendant labor union and the individual defendants, who are members of the union, to recover damages for intentional infliction of emotional distress, negligent infliction of emotional distress, harassment, and conspiracy.

The Supreme Court properly concluded that the plaintiffs' complaint fails to state causes of action to recover damages for intentional infliction of emotional distress and negligent infliction of emotional distress *(Murphy v American Home Prods. Corp.,* 58 NY2d 293, 303; *Ruggiero v Contemporary Shells,* 160 AD2d 986; *Leibowitz v Bank Leumi Trust Co.,* 152 AD2d 169). The conduct complained of is not so outrageous in character and extreme in degree that it surpasses the limits of decency and is regarded as atrocious and utterly intolerable in a civilized society *(see, Fischer v Maloney,* 43 NY2d 553).

The plaintiff's harassment causes of action fail to allege meritorious claims *(see generally, Couch v Schmidt,* 204 AD2d 951, 953). Moreover, it is well established that New York does not recognize the civil tort of conspiracy independent of other cognizable torts *(see, Alexander & Alexander v Fritzen,* 68 NY2d 968, 969; *Falle v Metalios,* 132 AD2d 518, 520). Sullivan, J. P., Miller, Pizzuto and Friedmann, JJ., concur.