■ GLENDORA, Appellant, v DANIEL WALSH et al., Respondents. [642 NYS2d 545] —In an action, *inter alia,* to recover damages for negligent and intentional infliction of emotional distress, the plaintiff appeals, as limited by her brief, (1) from so much of an order of the Supreme Court, Westchester County (Wood, J.), dated April 28, 1995, as granted the branch of the motion of the defendants Andrew Larkin and Kevin Larkin which was for summary judgment dismissing the complaint insofar as asserted against them, and (2) from so much of an order of the Supreme Court, Westchester County (Ingrassia, J.), dated May 31, 1995, as (a) granted the branch of the motion of the defendants Daniel Walsh, Roberta Walsh, James Walsh, Nella Alpuche and Theo Alpuche which was for summary judgment dismissing the complaint insofar as asserted against them, and (b) denied her application for a temporary restraining order. The plaintiff's notice of appeal from a decision of the same court entered March 23, 1995, is deemed a premature notice of appeal from the order dated April 28, 1995 (*see,* CPLR 5520 [c]). The appeal from the order dated May 31, 1995, brings up for review so much of an order of the same court, dated July 21, 1995, as, upon reargument, adhered to its original determination (*see,* CPLR 5517 [b]).

Ordered that the appeal from the order dated May 31, 1995, is dismissed, as that order was superseded by the order dated July 21, 1995, made upon reargument; and it is further,

Ordered that the order dated April 28, 1995, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated July 21, 1995, is affirmed insofar as reviewed; and it is further,

Ordered that the respondents Andrew Larkin and Kevin Larkin are awarded one bill of costs.

The Supreme Court properly granted the defendants' respective motions insofar as they sought to dismiss the complaint for failure to state a cause of action. The complaint failed to state a cause of action to recover damages for intentional infliction of emotional distress because the conduct complained of is not so outrageous in character or extreme in degree so " 'as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community' " (*Murphy v American Home Prods. Corp.,* 58 NY2d 293, 303, quoting, Restatement [Second] of Torts § 46 [1], comment *d*; *Freihofer v Hearst Corp.,* 65 NY2d 135, 143). The complaint also failed to state a cause of action to recover damages for negligent infliction of emotional distress because the plaintiff's claims of extreme emotional disturbance are conclusory and

unsupported by medical evidence (*see, Erani v Flax,* 193 AD2d 777; *Callas v Eisenberg,* 192 AD2d 349).

The plaintiff's harassment cause of action failed to allege a meritorious claim (*see, Burrell v International Assn. of Firefighters,* 216 AD2d 346; *Goldstein v Tabb,* 177 AD2d 470, 471). The causes of action alleging violations of the noise ordinance of the City of White Plains are equally meritless.

The imposition of sanctions upon the plaintiff for bringing a frivolous appeal is not warranted at this time. Thompson, J. P., Santucci, Joy and Altman, JJ., concur.