■ ANNA I. SEAL, Respondent, v SPENCER J. MARKS et al., Appellants. [648 NYS2d 1019] —In an action to recover damages, inter alia, for gender discrimination pursuant to Executive Law § 296, and the intentional infliction of emotional distress, the defendants appeal from so much of an order and judgment (one paper) of the Supreme Court, Dutchess County (Hillery, J.), dated December 1, 1995, as, upon dismissing the plaintiff's third and fourth causes of action, denied those branches of their motion for summary judgment which were to dismiss the first, second, and sixth causes of action.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, with costs, those branches of the defendants' motion which were to dismiss the first, second, and sixth causes of action are granted, and the matter is remitted to Supreme Court, Dutchess County, for entry of an amended judgment accordingly.

The defendants submitted sufficient proof to establish that they had not created a hostile and abusive work environment based upon the plaintiff's gender, thus entitling them to summary judgment dismissing the plaintiff's first and sixth causes of action. This shifted the burden to the plaintiff to submit proof sufficient to show the existence of a triable issue of fact as to whether she was the subject of unwanted sexual harassment; whether that harassment was based upon her sex; and whether the sexual harassment affected a term or condition of her employment (see, Yukoweic v International Bus. Machs., 228 AD2d 775; see also, Espaillat v Breli Originals, 227 AD2d

266; *Harris v Forklift Sys.*, 510 US 17). Since her opposition papers failed to show such proof, the Supreme Court should have granted those branches of the defendants' motion which were to dismiss the first and sixth causes of action *(see generally, Zuckerman v City of New York,* 49 NY2d 557).

We also agree with the defendants that the plaintiff failed to allege the type of conduct which would be sufficient to support a cause of action sounding in the intentional infliction of emotional distress. In order to state a cause of action to recover damages for the intentional infliction of emotional distress, the conduct alleged must be so outrageous in character and extreme in degree as to surpass the limits of decency so as to be regarded as intolerable in a civilized society *(see, Murphy v American Home Prods. Corp.*, 58 NY2d 293; *Fischer v Maloney*, 43 NY2d 553). The plaintiff's allegations, when taken as a whole, do not rise to such an extreme or outrageous level as to meet the threshold required to sustain this cause of action *(see, Liebowitz v Bank Leumi Trust Co.*, 152 AD2d 169). Therefore, this cause of action should also have been dismissed. Miller, J. P., Ritter, Krausman and Florio, JJ., concur.