(August 31, 2000)

■ FOSTER WHEELER BROOME COUNTY, INC., Appellant, v COUNTY OF BROOME et al., Respondents. [713 NYS2d 92] —Crew III, J. P. Appeals (1) from an order of the Supreme Court (Monserrate, J.), entered July 27, 1999 in Broome County, which granted defendants' motion for summary judgment dismissing plaintiff's amended complaint, and (2) from the judgment entered thereon.

This action arises out of the proposed construction and operation of a waste-to-energy facility in defendant Broome County. In 1983, defendant Broome County Resource Recovery Agency (hereinafter the Agency), a public benefit corporation organized pursuant to Public Authorities Law title 13-D, was formed to develop and construct the facility in question. To that end, the Agency solicited bids for the construction, ownership and operation of the proposed facility and, ultimately, plaintiff was the successful bidder.

Thereafter, in October 1988, plaintiff and the Agency entered into a service agreement, pursuant to the terms of which the parties were required to, *inter alia*, obtain all necessary permits for the project, including a permit from the Department of Environmental Conservation (hereinafter DEC), and cooperate with each other in obtaining such permits. Additionally, insofar as is relevant to these appeals, the Agency and the County entered into an intermunicipal agreement in December 1988 which required the Agency and the County to, *inter alia*, use their best efforts to ensure that the conditions precedent to

performance under the service agreement—specifically, procuring the required permits—were fulfilled.

Plaintiff submitted its facility permit application to DEC in December 1988 and, in September 1989, the Agency requested that it be granted co-applicant status. Thereafter, in October 1989, defendant Timothy Grippen, who had assumed the office of County Executive on January 1, 1989, applied to intervene in the permit application process as a party. Grippen's application was denied in April 1990, prompting an appeal to the Commissioner of DEC. The Commissioner then ordered adjudicatory hearings on the permit application, during the course of which Grippen voiced his opposition to the proposed facility, contending that it was too large and was not economically feasible.

In December 1991, the Commissioner denied plaintiff and the Agency's application, finding that the proposed facility indeed was too large. The co-applicants were, however, granted an additional 30 days within which to submit a modified proposal. An additional extension was granted until March 31, 1992, but plaintiff and the Agency's request for a further extension was denied in April 1992, thereby rendering the Commissioner's decision on the permit application final.

By letter dated October 21, 1992, the Agency notified plaintiff that it was terminating the service agreement pursuant to section 3.7 thereof based upon the failure to satisfy a condition precedent, i.e., obtaining the required DEC permit. Plaintiff thereafter commenced this action against defendants setting forth, *inter alia*, causes of action against the Agency and the County for breach of the service agreement, against the County and Grippen for tortious interference with contract, and against the County for breach of the intermunicipal agreement. Following joinder of issue and discovery, defendants moved for summary judgment dismissing plaintiff's amended complaint. Supreme Court granted the requested relief, prompting these appeals by plaintiff.

We affirm. Turning first to plaintiff's breach of contract cause of action against the Agency, plaintiff essentially contends that there is a question of fact as to whether the Agency exercised its best efforts in facilitating the procurement of the DEC permit and, hence, summary judgment should not have been granted in favor of defendants. We cannot agree. In support of their motion for summary judgment, defendants submitted proof documenting the Agency's efforts to obtain the permit, including requesting co-applicant status, twice joining in applications for additional time within which to submit a modi-

fied proposal and resisting the County's requests to terminate the service agreement with plaintiff. Such proof, in our view, is sufficient to demonstrate that the Agency made a genuine effort to assist plaintiff in securing the required permit.

On appeal, and in opposition to the motion before Supreme Court, plaintiff has done little more than point to other ways in which the Agency could have been of assistance, e.g., authoring a "strongly-worded letter" to the County or Grippen, threatening to sue the County or joining in plaintiff's application for reconsideration of the Commissioner's decision. The mere fact that the Agency theoretically could have been of greater assistance to plaintiff in securing the permit does not, contrary to plaintiff's assertions, demonstrate that the Agency failed to fulfill its contractual obligations in this regard. Plaintiff's claim that the Agency wrongfully terminated the service agreement pursuant to section 3.7 thereof is equally without merit. Accordingly, we conclude that Supreme Court appropriately dismissed this cause of action.

As to the claims asserted by plaintiff against the County, we reject plaintiff's assertion that Supreme Court erred in dismissing its third-party beneficiary claims. The intermunicipal agreement executed by the Agency and the County indeed contains language, as plaintiff contends, clearly evincing an intent to confer a benefit upon plaintiff (see generally, Dubroff v Evergreen Bank, 265 AD2d 644, 645; Johnson City Cent. School Dist. v Fidelity & Deposit Co., 263 AD2d 580, 582; Binghamton Masonic Temple v City of Binghamton, 213 AD2d 742, 745, lv denied 85 NY2d 811). Additionally, our review of the intermunicipal agreement reveals that the specific obligation imposed upon the Agency and the County vis-à-vis plaintiff under the terms of the intermunicipal agreement—namely, "to use their best efforts and provide all assistance and cooperation which is reasonably necessary to assure that the conditions precedent to the occurrence of the Commencement Date under the Service Agreement and to the obligations of the parties hereunder are satisfied as soon as reasonably practicable"—expressly predated the commencement date of the service agreement. In other words, the fact that the commencement date of the service agreement was not reached did not absolve the County of the "best efforts" requirement embodied in the intermunicipal agreement. Nonetheless, Supreme Court properly dismissed plaintiff's third-party beneficiary claims.

Plaintiff was entitled to no greater rights under the intermunicipal agreement than the parties thereto intended plaintiff to have (see, Leavitt-Berner Tanning Corp. v American Home

*Assur. Co.*, 129 AD2d 199, 203, *lv denied* 70 NY2d 609). Here, the intermunicipal agreement provided that in the event of a default by the Agency under the service agreement, "[plaintiff] shall have the right (concurrently with the Agency) to enforce compliance by the County with any term or provision of this Agreement the noncompliance with which has caused the Event of Default by the Agency under the Service Agreement". Stated another way, if the Agency defaulted under the service agreement due to the County's failure to comply with the provisions of the intermunicipal agreement, plaintiff could seek specific performance of the intermunicipal agreement. Plaintiff was not, however, based upon our reading of the subject agreement, granted the right to sue the County for money damages.

Nor are we persuaded that Supreme Court improperly dismissed plaintiff's breach of contract cause of action against the County. Plaintiff's theory in this regard—that a principal/agent relationship existed between the Agency and the County and, hence, the County was responsible for the Agency's alleged breach of the service agreement—is entirely unsupported by the record. As noted previously, the Agency was a public benefit corporation created pursuant to Public Authorities Law title 13-D and, to that end, was granted the power to, *inter alia*, sue and be sued (*see*, Public Authorities Law § 2047-e [1]), acquire property (*see*, Public Authorities Law § 2047-e [3]) and contract with the County (*see*, Public Authorities Law § 2047-e [9]). The express delegation of these and other powers to the Agency demonstrates that it indeed was a separate, distinct and independent entity (*see, e.g., Facilities Dev. Corp. v Miletta*, 246 AD2d 869, 870-871, *lv dismissed* 92 NY2d 843; *Matter of Shields v Dinga*, 222 AD2d 816, 817-818). Plaintiff's assertions on this issue are further belied by record evidence establishing that the Agency pursued the proposed project despite repeated attempts by the County to persuade the Agency to discontinue its efforts in this regard. To the extent that plaintiff's "alter ego" theory is properly before this Court, we find it to be equally without merit.

Finally, we perceive no basis upon which to disturb Supreme Court's resolution of the tortious interference with contract claims asserted against the County and Grippen. Plaintiff's theory on this point is that the County and Grippen improperly interfered with and, in effect, were responsible for the Agency's allegedly wrongful termination of the service agreement. In order to sustain a cause of action for tortious interference with contract, however, plaintiff had to demonstrate that there indeed was a breach (*see, e.g., NBT Bancorp v Fleet/Norstar*

*Fin. Group*, 87 NY2d 614, 620-621). Having previously concluded that the Agency did not improperly terminate the service agreement due to plaintiff's failure to satisfy a condition precedent thereto, it necessarily follows that plaintiff cannot establish a breach and, hence, its cause of action for tortious interference with contract must fail. Plaintiff's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Spain, Carpinello, Graffeo and Rose, JJ., concur. Ordered that the order and judgment are affirmed, without costs.