SUMMARY ORDER
The defendants appeal from a judgment of the district court confirming the debt- or’s plan of reorganization and rendering judgment for the plaintiff in adversary proceeding number 02-03048. The plaintiff cross-appeals from the district court’s determination that the defendants were third party beneficiaries of a contract between the debtor and Client Distribution Services, Inc. (“CDS”), which is not a party to this suit. We assume the parties’ familiarity with the underlying facts and *712 the procedural history of the case, and with the issues on appeal.
“An order of a district court issued in its capacity as an appellate court is subject to plenary review. We, therefore, will independently review the factual determinations and legal conclusions of the bankruptcy court. The bankruptcy court’s findings of fact will not be disturbed unless clearly erroneous. We review the bankruptcy court’s conclusions of law de novo.” In re PCH Assocs., 949 F.2d 585, 597 (2d Cir.1991) (internal citations omitted). Where, as here, a series of decisions by the district court and the bankruptcy court create a “law of the case,” we review all of the decisions that led to the creation of it. See id.
We have reservations about the district court’s decision with respect to the defendants’ third party beneficiary status. In general, when two parties contract for a payment from one party to another party with the understanding that the money will then be used by the second party to pay a third party, that third party is an incidental beneficiary of the contract, not an intended beneficiary, and is therefore not a third party beneficiary. See Restatement 2d of Contracts § 302 Illustration 3 (1981). Third party beneficiary status is established when the contracting parties intended to confer on the third party a right to require performance of the contract. See id., § 302; see also Foster Wheeler Broome Co., Inc. v. Co. of Broome, 275 A.D.2d 592, 713 N.Y.S.2d 92 (3d Dep’t 2000); Ahern v. Bd. of Educ. of City of Chicago, 133 F.3d 975, 983 (7th Cir.1998). In Septembertide Pub. B.V. v. Stein and Day, Inc., 884 F.2d 675 (2d Cir.1989), the intent to confer such a benefit was indicated by the fact that a second contract, to which the purported third party beneficiary of the disputed contract was an actual party, was executed “virtually simultaneously” with the disputed contract, and in fact made reference to that contract. Id. at 679. In this case, by contrast, the debtor’s contract with CDS did not indicate an intent to confer a benefit on the defendants, whose long-standing contracts with the debtor were already established and who were not consulted about the new contract with CDS.
But we need not decide the question of third party beneficiary status, because even if the defendants have such status, it ultimately would not benefit them here. The plaintiff has established an enforceable security interest in the debtor’s accounts under section 9-203(b) of the Uniform Commercial Code. While third party beneficiary status would create in the defendants a right to performance as against CDS, it would not alter the defendants’ rights as against the debtor, Publisher’s Consortium, or the plaintiff, inasmuch as “third-party beneficiaries generally have no greater rights in a contract than does the promisee.” United Steelworkers of Am., AFL-CIO-CLC v. Rawson, 495 U.S. 362, 375, 110 S.Ct. 1904, 109 L.Ed.2d 362 (1990). As unsecured creditors, the defendants’ rights to the monies in question were subordinated to the rights of the plaintiff, who is a secured creditor. See generally 11 U.S.C. § 1129(b)(2). While the third party beneficiary in September-tide successfully argued that the security agreement between the debtor and its secured creditor had not encompassed the monies in question, that determination was based on the fact that the contract creating third party beneficiary status had predated the security agreement. 884 F.2d at 682. Here, the security agreement predates the contract to which the defendants assert they were a third party beneficiary. The security agreement thus did not recognize a pre-existing property interest held by the defendants.
*713 We have considered the defendants other arguments and find them to be without merit.
For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.