HARVEY KAMEN, Respondent, v BERKELEY COOPERATIVE TOWERS SECTION II CORP. et al., Appellants. [952 NYS2d 48]—

In an action, inter alia, to recover damages for wrongful termination of employment, discrimination in the terms and conditions of employment on the basis of sex, harassment, the creation of a hostile work environment, and intentional infliction of emotional distress, the defendants appeal from stated portions of an order of the Supreme Court, Kings County (Battaglia, J.), dated April 21, 2011, which, among other things, denied those branches of their motion which were to dismiss the first, third, fourth, sixth, and seventh causes of action pursuant to CPLR 3211 (a) (7).

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the defendants' motion which were to dismiss the first, third, fourth, sixth, and seventh causes of action pursuant to CPLR 3211 (a) (7) and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendants.

On a motion to dismiss pursuant to CPLR 3211 (a) (7), the complaint must be liberally construed, giving the plaintiff the benefit of every favorable inference (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]). Such a motion should be granted only where, even viewing the allegations as true, the plaintiff still cannot establish a cause of action (see Hartman v Morganstern, 28 AD3d 423, 424 [2006]). Applying these principles here, the Supreme Court erred in denying those branches of the defendants' motion which were to dismiss the first, third, fourth, sixth, and seventh causes of action pursuant to CPLR 3211 (a) (7).

The Supreme Court should have directed the dismissal of the first cause of action, which sought to recover damages for wrongful termination of employment, as the plaintiff failed to allege the existence of an oral or written contract for a definite term between himself and the defendants (see Daub v Future Tech Enter., Inc., 65 AD3d 1004, 1005 [2009]; Riccardi v Cunningham, 291 AD2d 547, 547-548 [2002]; cf. Ingle v Glamore Motor Sales, 73 NY2d 183, 188 [1989]).

Moreover, the factual allegations supporting the third and fourth causes of action, which sought to recover damages for discrimination in the terms and conditions of employment on the basis of sex and harassment, respectively were insufficient to state causes of action (*see Goldin v Engineers Country Club*, 54 AD3d 658, 659 [2008]; *Burrell v International Assn. of Firefighters*, 216 AD2d 346, 346 [1995]; *Couch v Schmidt*, 204 AD2d 951, 953 [1994]), and the factual allegations supporting the sixth cause of action alleging the creation of a hostile work environment, even when viewed as true, "fell short of establishing that the 'workplace [was] permeated with discriminatory intimidation, ridicule, and insult . . . that [was] sufficiently severe or pervasive to alter the conditions of the [plaintiff's] employment and create an abusive working environment' " (*Schenkman v New York Coll. of Health Professionals*, 29 AD3d 671, 673 [2006], quoting *Harris v Forklift Systems, Inc.*, 510 US 17, 21 [1993] [citations and internal quotation marks omitted]; *see* Executive Law § 296 [1] [a]).

Nor do the "plaintiff's allegations, when taken as a whole, . . . rise to such an extreme or outrageous level as to meet the threshold required to sustain" his seventh cause of action, sounding in intentional infliction of emotional distress (*Seal v Marks*, 232 AD2d 626, 627 [1996]; *see Leibowitz v Bank Leumi Trust Co. of N.Y.*, 152 AD2d 169, 181-182 [1989]).

Accordingly, the Supreme Court should have granted those branches of the defendants' motion which were to dismiss the first, third, fourth, sixth, and seventh causes of action pursuant to CPLR 3211 (a) (7).

The defendants' remaining contentions are without merit. Rivera, J.P., Florio, Eng and Roman, JJ., concur.