Jacqueline Walton, Appellant,
against
Auburn Leasing, LLC, Respondent. 




Jacqueline Walton, appellant pro se.
Daniels, Norelli, Scully & Cecere, P.C. (Denise May of counsel), for respondent.

Appeal from a judgment of the Civil Court of the City of New York, Queens County (Larry Love, J.), entered November 9, 2017. The judgment, after a nonjury trial, dismissed the complaint.




ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this action against defendant, her landlord, alleging that, on October 20, 2016, defendant had someone "[b]reak[] into [her] apartment while [she] was at work"; that her "privacy [and] security along with tenant[']s rights to dwell in a safe [and] secure leased apartment were violated"; that "[t]his life changing event causes [her] to feel violated, desecrated [and] defiled"; and that "[p]sychological trauma is on going." In the complaint, plaintiff listed the "nature and the substance of [her] cause of action" as follows: "Damage cause to person for $25,000.00 with interest from 10/20/2016"; "Breach of Lease for $25,000.00 with interest from 10/20/2016"; "Loss of use of property for $25,000.00 with interest from 10/20/2016." Plaintiff testified, at a nonjury trial, that defendant had his contractors remove the frame of the rear door to her apartment for renovation purposes when she was not at home without giving her prior notice, and that the removal of the door frame caused a crack in the ceiling. Plaintiff testified that, since the incident, she had been suffering insomnia, mental anguish and emotional distress. Following the trial, the Civil Court dismissed the complaint.
To the extent that the complaint asserts a claim for breach of the lease, plaintiff failed to allege the provision of the lease agreement defendant had purportedly breached and failed to provide any evidence regarding the alleged breach or damages resulting therefrom (see All Seasons Fuels, Inc. v Morgan Fuel & Heating Co., Inc., 156 AD3d 591, 594 [2017] ["To [*2]recover damages for breach of contract, a plaintiff must demonstrate the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach."]). To the extent that the claim of "[l]oss of use of property" could be construed as being based on trespass to personalty, conversion or another theory, plaintiff offered no proof that any of her property had been stolen or damaged.
To the extent that the claim of "[d]amage cause to person" could be construed as being based on intentional and/or negligent infliction of emotional distress, plaintiff likewise failed to provide sufficient evidence establishing prima facie the elements of these causes of action. With respect to a claim of intentional infliction of emotional distress, we find that plaintiff failed to establish that the conduct complained of is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" (Murphy v American Home Prods. Corp., 58 NY2d 293, 303 [1983] [internal quotation marks and citation omitted]; see Ajie Chen v Deliso, 169 AD3d 761, 762 [2019]; Taggart v Costabile, 131 AD3d 243, 250-251 [2015]). As to a claim of negligent infliction of emotional distress, the alleged conduct of defendant cannot be said to have unreasonably endangered the physical safety of plaintiff or caused her to fear for her safety (see Ross v State Univ. of NY, 166 AD3d 1034, 1035 [2018]; Earl v Goldstein, 285 AD2d 442, 442 [2001]). Furthermore, for both claims, plaintiff failed to provide objective medical evidence to show that she had suffered serious emotional distress (see Tatta v State of New York, 20 AD3d 825, 827 [2005]; Glendora v Walsh, 227 AD2d 377, 377-378 [1996]; Erani v Flax, 193 AD2d 777, 777 [1993]).[FN1]
Therefore, the Civil Court properly dismissed the complaint.

Accordingly, the judgment is affirmed.

PESCE, P.J., WESTON and ELLIOT, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: December 20, 2019



Footnotes

Footnote 1:At trial, the Civil Court precluded plaintiff from introducing any medical records or reports prepared by plaintiff's psychiatrist due to plaintiff's failure to call the psychiatrist, and plaintiff does not challenge the court's decision on appeal.