BML Props. Ltd. v China Constr. Am., Inc. (2024 NY Slip Op 02252)

BML Props. Ltd. v China Constr. Am., Inc.

2024 NY Slip Op 02252

Decided on April 25, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 25, 2024

Before: Webber, J.P., Friedman, González, Rosado, Michael, JJ. 

Index No. 657550/17 Appeal No. 2134 Case No. 2023-3147 

[*1]BML Properties Ltd., Plaintiff-Respondent,
v
China Construction America, Inc. Now Known as CCA Construction, Inc., et al., Defendants-Appellants, Does 1 through 10, Defendants.

Debevoise & Plimpton LLP, New York (Maura Kathleen Monaghan of counsel), for appellants.
Susman Godfrey L.L.P., New York (Jacob W. Buchdahl of counsel), for respondent.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered on or about May 25, 2023, which, insofar as appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the complaint and granted plaintiff's motion for summary judgment dismissing the counterclaims for breach of §§ 4.7, 4.8(g), and 4.8(l) of the Investors Agreement and the affirmative defenses that plaintiff's claims were derivative and released, unanimously modified, on the law, to grant defendants motion as to the unjust enrichment and implied covenant of good faith and fair dealing claims and request for lost profits damages, to deny plaintiff's motion as to the counterclaims for breach of IA §§ 4.7 and 4.8(g), and otherwise affirmed, without costs.
Plaintiff's claims are not derivative because they involve the breach of a duty independent of any duty owed to the company (see generally Abrams v Donati, 66 NY2d 951, 953 [1985]). Plaintiff was a party to the subject Investors Agreement and there is no indication that § 4.7's "best interests" obligation was owed to the company alone. Indeed, § 4.10 of the agreement specifically authorized plaintiff to bring suit individually. "[W]here an independent duty exists, a shareholder may sue on his own behalf even for the loss of value in his investment" (Solutia Inc. v FMC Corp., 385 F Supp 2d 324, 332 [SD NY 2005]; see also Lawrence Ins. Group v KPMG Peat Marwick, 5 AD3d 918, 919 [3d Dept 2004]). In view of our disposition of this issue, we need not reach the parties' arguments with respect to the disproportionate loss exception to the derivative claims rule.
The motion court properly denied summary judgment dismissing plaintiff's breach of contract claim. Issues of fact exist as to whether the representatives of defendant CSCEC Bahamas, Ltd. (CSCECB) failed to act in the best interests of the company by diverting resources to other projects and authorizing the removal of 700 workers from the project as it was nearing its deadline, despite concerns about meeting that deadline, which they did not communicate to the company. It does not matter that the focus of the Investors Agreement is not construction management, as the CSCECB representatives were required to act "at all times" in the company's best interests (see Falle v Metalios, 132 AD2d 518, 520 [2d Dept 1987]).
The motion court also properly denied summary judgment dismissing plaintiff's fraud claims. This Court has already decided that the fraud claims are not duplicative of the breach of contract claim (BML Props. Ltd. v China Constr. Am. Inc., 174 AD3d 419, 419 [1st Dept 2019]). Fact development has not created a basis to modify this legal determination. Issues of fact exist with respect to justifiable reliance. Evidence was presented that plaintiff, which had day-to-day responsibility for the company, relied on defendants' misrepresentations by taking reservations, preparing for opening, and refraining from seeking additional financing [*2]or labor. Evidence was also presented that, although plaintiff had some sense that defendants were not telling the truth, it lacked the ability to definitively verify their claims — especially in view of defendants' apparent concealment of information.
The breach of the implied covenant of good faith and fair dealing claim should, however, have been dismissed as duplicative of the breach of contract claim because "both claims arise from the same facts" and the conduct at issue clearly falls within the ambit of the contractual best efforts obligation (see Logan Advisors, LLC v Patriarch Partners, LLC, 63 AD3d 440, 443 [1st Dept 2009]). Even if the unjust enrichment claim is not duplicative, it should also have been dismissed because plaintiff did not establish that it made the subject payments or otherwise had a legal entitlement to the funds used to make them (see IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 142 [2009]; cf. 245 E. 19 Realty LLC v 245 E. 19th St. Parking LLC, 223 AD3d 604, 606 [1st Dept 2024]).
The request for lost profits damages should also have been dismissed because the parties did not contemplate liability for lost profits at the time of contracting (see generally Kenford Co. v County of Erie [Kenford I], 67 NY2d 257, 261 [1986]; Awards.com v Kinko's, Inc., 42 AD3d 178, 183 [1st Dept 2007], affd 14 NY3d 791 [2010]). It is not enough that CSCECB expected that the project would make money, as that is not the same thing as expecting to be held liable for lost profits (see Kenford Co. v County of Erie [Kenford II], 73 NY2d 312, 319-320 [1989]; Awards.com, 42 AD3d at 184; Bersin Props., LLC v Nomura Credit & Capital, Inc., 74 Misc 3d 1209[A], 2022 NY Slip Op 50084[U], *16 [Sup Ct, NY County 2022]). Section 11.10 of the Investors Agreement expressly waived consequential damages — notwithstanding "[a]nything herein contained, and anything at law or in equity, to the contrary" (see Kenford I, 67 NY2d at 262; Awards.com, 42 AD3d at 183-184). The lost profits sought here are consequential in nature because they stem from collateral business arrangements — i.e., the loss of contracts with potential hotel guests (see generally Biotronik A.G. v Conor Medsystems Ireland, Ltd., 22 NY3d 799, 805-808 [2014]). Section 11.10 is not unenforceable because "the misconduct for which it would grant immunity smacks of intentional wrongdoing" as "a party can intentionally breach a contract to advance a 'legitimate economic self-interest' and still rely on the contractual limitation provision" (Electron Trading, LLC v Morgan Stanley & Co. LLC, 157 AD3d 579, 580-581 [1st Dept 2018]). In view of our disposition of this issue, we need not reach the parties' arguments with respect to causation and the capability of measuring damages with reasonable certainty.
Defendants' affirmative defense that plaintiff's claims are derivative was properly dismissed for the reasons stated above. Defendants' affirmative defense that plaintiff's claims were [*3]released was properly dismissed because plaintiff was not a party to the releases, which at any rate applied to claims under a separate contract.
CSCECB's counterclaim for breach of § 4.7 of the Investors Agreement should not have been dismissed. There is evidence in the record of at least one unanswered request for books and records, in a March 13, 2015 letter, which was reiterated in March 25 and May 6, 2015 letters. Although the company was not obliged to create new documents in response to this request, it should have had some existing documentation responsive thereto. Issues of fact exist also exist as to whether the company's failure to provide this information caused CSCECB damages, as it could have taken steps to mitigate if it had evidence of financial mismanagement.
CSCECB's counterclaim for breach of § 4.8(g) of the Investors Agreement also should not have been dismissed. It is undisputed that plaintiff breached this provision by filing for reorganization without CSCECB's consent and issues of fact exist as to whether CSCECB was damaged as a result. CSCECB's counterclaim for breach of § 4.8(l) of the Investors Agreement was, however, properly dismissed, as there is no evidence that the subject loan damaged CSCECB in any way.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 25, 2024