■ WILLIAM M. et al., Respondents-Appellants, v STEPHEN B. LAUB et al., Appellants-Respondents.—In an action to recover damages for the negligent administration and reporting of the results of a polygraph examination, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Nelson, J.), dated March 7, 1988, as denied their motion to dismiss on the ground that they were entitled to immunity under Social Services Law § 419, and the plaintiffs appeal from an order of the same court (Bergerman, J.), dated May 13, 1988, which granted the defendants' motion to vacate their default in answering and directed them to accept an untimely answer.

Ordered that the order dated March 7, 1988, is reversed insofar as appealed from, on the law, the motion is granted, and the complaint is dismissed; and it is further,

Ordered that the appeal from the order dated May 13, 1988, is dismissed as academic; and it is further,

Ordered that the defendants are awarded one bill of costs.

The defendant Stephen B. Laub, a certified polygraph operator and president of the defendant Truth Verification Laboratories, conducted a polygraph examination of the 15-year-old daughter of the plaintiffs at the request of the Rockland County Department of Social Services and the Ramapo Police Department after the child notified those authorities that her father, William M., was sexually abusing her. Based upon Laub's findings that some of the child's statements were truthful, a Child Protective Services caseworker filed a report which concluded that the child's allegations of abuse were "indicated" under Family Court Act article 10.

Thereafter, the plaintiffs commenced this action alleging that Laub negligently administered and reported the results of the polygraph examination to Child Protective Services. In lieu of an answer, the defendants moved to dismiss the complaint, *inter alia,* on the ground that they were immune from liability under Social Services Law § 419. The Supreme Court denied the motion, finding that because the defendants did not make the initial report of abuse but merely participated in the investigation of those allegations, they were not entitled to the statutory grant of immunity. We disagree.

An analysis of Social Services Law § 419 and its companion provisions of the Child Protective Services Act (Social Services Law, art 6, tit 6) establishes that the immunity afforded by the statute extends to those such as the defendants herein who assist or participate in the investigation of child abuse allegations. Social Services Law § 419 grants a qualified immunity from civil or criminal liability to "[a]ny person, official, or institution participating in good faith in the providing of a service pursuant to section four hundred twenty-four of this title, the making of a report, the taking of photographs, or the removal or keeping of a child". Among the services enumerated in Social Services Law § 424 is the investigation of the report. Thus, by its own terms, Social Services Law § 419 is not, as the plaintiffs contend, limited to those making the initial report but applies as well to those participating in a number of subsequent investigative and supportive activities mandated by the statute. Furthermore, the express purpose of the Child Protective Services Act is "to encourage more complete reporting of suspected child abuse and maltreatment and to establish * * * a child protective service capable of investigating such reports swiftly and competently" (Social Services Law § 411). This language indicates that more than the initial reporting of suspected abuse was intended to be encouraged

and protected by the immunity of Social Services Law § 419. We find that the defendants' administration of the polygraph examination herein on behalf of Child Protective Services is one of those activities. We further find that the plaintiffs have failed to rebut the statutory presumption of the defendants' good faith in assisting in the investigation (Social Services Law § 419). Accordingly, the Supreme Court erred in denying the defendants' motion to dismiss the complaint.

Finally, we note that our determination of the defendants' appeal renders academic the issue raised on the plaintiffs' appeal. Thompson, J. P., Bracken, Brown and Rubin, JJ., concur.