[600 NYS2d 157]

CONNIE F. VAN EMRIK et al., Individually and as Parents and Natural Guardians of LANE A. VAN EMRIK et al., Infants, Appellants, v CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES et al., Respondents.

Third Department, July 8, 1993

## APPEARANCES OF COUNSEL

*Connie Fern Miller,* Watkins Glen, appellant *pro se,* and for Richard H. Van Emrik and others, appellants.

*Davidson & O'Mara, P. C.,* Elmira *(Weeden A. Wetmore* of counsel), for respondents.

## OPINION OF THE COURT

MAHONEY, J.

In this action against defendants, Chemung County Department of Social Services (hereinafter DSS) and two of its former employees, plaintiffs, Connie F. Van Emrik and Richard H. Van Emrik, individually and on behalf of their infant daughters, seek damages for intentional torts and negligence allegedly committed by defendants in connection with certain actions taken during their investigation of plaintiffs as possible perpetrators in the suspected abuse of one of their daughters. At issue is whether a prior Federal determination which dismissed plaintiffs' 42 USC § 1983 action against defendants on the ground that they were qualifiedly immune from liability in connection with their actions in this investigation collaterally estops plaintiffs from litigating the issue of defendants' immunity from liability under State law.

The facts are undisputed. Plaintiffs are the parents of two infant daughters, Kate and Lane. On May 13, 1986, Lane, then seven months old, spent the day, as usual, with an in-home babysitter. Contrary to custom, the babysitter put Lane to sleep before plaintiffs arrived home. Later that evening, plaintiffs discovered flaccidity in Lane's right leg and took her to the emergency room. Subsequent examination revealed a spiral fracture of the right femur. Because the fracture required a strong twisting force to induce, child abuse was suspected and a report was filed with the State Department of Social Services' Child Abuse and Maltreatment Register. Formal investigation was begun by defendants on May 14, 1986. In connection therewith, a court order was obtained placing Lane in temporary foster care (see, Family Ct Act § 1022). Plaintiffs objected and eventually were successful in having Lane held over in the hospital rather than placed in foster care pending completion of the investigation, which ultimately concluded without any finding of abuse. However, both plaintiffs and the babysitter received "indicated" letters from DSS.

Thereafter, plaintiffs commenced a Federal civil rights action against defendants (42 USC § 1983) alleging that Lane's temporary removal and the taking of long bone X rays without plaintiffs' consent deprived them of their constitutional right to the care and custody of their daughter. Appended to the Federal claim were six nonFederal tort causes of action sounding in negligence and intentional tort arising from the same temporary removal and taking of X rays. Upon motion

by defendants, the Federal District Court dismissed the Federal claim on the ground that defendants were qualifiedly immune from suit. With the Federal claim gone, the District Court declined to exercise pendent jurisdiction over the six nonFederal claims and dismissed the entire complaint. Upon appeal, the decision was affirmed, but with the express notation that dismissal of the nonFederal claims was "without prejudice" *(Van Emrik v Chemung County Dept. of Social Servs.,* 911 F2d 863, 868).

Following dismissal of the Federal action, plaintiffs commenced the instant action in Supreme Court interposing the same six nonFederal negligence and intentional tort claims. After joinder of issue, defendants moved for summary judgment dismissing the complaint arguing, *inter alia,* that the previous Federal determination of immunity from Federal suit was res judicata on the issue of defendants' immunity under State law, thus barring liability under the State law claims. Supreme Court agreed and granted defendants' motion. Plaintiffs appeal.

■ In our view, Supreme Court erred in determining that plaintiffs were precluded from suing in State court by virtue of the prior Federal determination. Initially, we note that while the parties and Supreme Court use the label "res judicata", inasmuch as defendants' preclusion theory is not based upon the argument that plaintiffs are seeking to relitigate the same *claim* as that involved in the Federal action but only that an issue decided in connection therewith bars any relief on the new claims asserted, the applicable doctrine more properly is classified as collateral estoppel *(see generally,* Siegel, NY Prac § 443, at 672-673 [2d ed]). In this regard, it is axiomatic that a party seeking benefit of the doctrine of collateral estoppel must show that (1) the identical issue necessarily was decided in the prior action and is decisive in the present action, and (2) the party to be estopped had a full and fair opportunity to contest that issue in the prior proceeding or was in privity with one who was *(see, e.g., D'Arata v New York Cent. Mut. Fire Ins. Co.,* 76 NY2d 659, 664; *Gramatan Home Investors Corp. v Lopez,* 46 NY2d 481, 485). A comparison of the relevant inquiry used in determining defendants' immunity from suit based on a violation of 42 USC § 1983 with the State law immunity provisions persuades us that the requisite identity of issue is lacking here.

In the Federal realm, governmental actors who engage in discretionary actions are qualifiedly immune from liability in

a suit based on 42 USC § 1983 if it can be established that their actions did not " 'violate clearly established statutory or constitutional rights of which a reasonable person would have known' " *(Robison v Via,* 821 F2d 913, 920, quoting *Harlow v Fitzgerald,* 457 US 800, 818; *see, Defore v Premore,* 1992 US Dist LEXIS 5833, 1992 WL 88043, ND NY, Apr. 27, 1992, Munson, J.). While implementation of this standard turns, in part, upon whether the challenged action *clearly* deprived the plaintiff of a right protected by Federal statute or the Constitution *(see, Robison v Via, supra),* in situations where it is evident that the asserted right alleged to be violated is constitutionally protected, the existence of immunity hinges upon whether it was objectively reasonable for the official to believe that his or her acts did not violate those rights *(supra).* Here, the right alleged to have been violated by defendants' actions was plaintiffs' constitutionally protected right to the care and custody of their minor child *(see, supra,* at 921; *see also, Stanley v Illinois,* 405 US 645). In view of the well-established precedent permitting temporary custody deprivation without parental consent in emergency situations *(see, Duchesne v Sugarman,* 566 F2d 817, 826; *see also, Robison v Via, supra,* at 921), including emergencies based upon suspected abuse or neglect *(see, Newton v. Burgin,* 363 F Supp 782, *affd* 414 US 1139), the immunity issue for Federal purposes devolves to a factual determination of whether it was objectively reasonable for defendants to believe that Lane was abused by plaintiffs *(see, Robison v Via, supra; see also, Defore v Premore, supra; Smith v Coughlin,* 727 F Supp 834).

Conversely, a review of Social Services Law § 419, which contains the State law immunity provisions, establishes that the relevant inquiry in determining immunity under State law for litigants such as defendants who did not *make* a suspected abuse report but simply investigated and handled the complaint pursuant to statutory mandate *(see,* Social Services Law § 424), is not whether they had reasonable grounds to believe that the child was abused but whether they acted *in good faith* in the subsequent investigation and handling of the matter (Social Services Law § 419; *cf., William M. v Laub,* 149 AD2d 475). Under Social Services Law § 419, the good faith of such persons is presumed, provided that they "[were] acting in the discharge of their duties and within the scope of their employment, and that such liability did not result from [their] willfull *[sic]* misconduct or gross negligence".

It seems evident from comparison that these two standards are distinct. Under Social Services Law § 419 the focus is upon defendants' *actions;* more particularly, whether those actions

were within the scope of their authority and, if so, whether they were the product of misconduct or gross negligence. Under the Federal standard, the inquiry is upon the reasonableness of the beliefs underlying the actions. While concededly, in certain situations, such as the temporary removal of a child from parental custody, the good-faith inquiry may well include investigation into whether defendants had reasonable cause to believe that the parents posed a danger to the child (Social Services Law §§ 417, 424 [9]; 18 NYCRR 432.3 *[1]*), because the good-faith inquiry is more expansive and not limited to such concerns, the prior Federal court determination that it was objectively reasonable for defendants to believe that Lane was abused by plaintiffs is not necessarily dispositive of their immunity under Social Services Law § 419. Indeed, on the subject of defendants' conduct in ordering the long bone X rays, a bona fide question exists with regard to whether that act was within the scope of their authority *(see,* Social Services Law § 416), an issue which was not determined by the Federal court.

■ In light of the foregoing, that portion of Supreme Court's order dismissing the complaint on the ground of "res judicata" must be reversed. Accordingly, the matter is remitted to Supreme Court to render decision upon the other substantive grounds for summary judgment advanced by defendants in their motion which were not addressed. We note as a final matter that because plaintiffs do not take issue on appeal with Supreme Court's ancillary determination that the intentional tort claims interposed by plaintiffs individually against the individual defendants are barred by the one-year Statute of Limitations, the determination in this regard stands and, upon remittal, Supreme Court need only concern itself with those arguments relative to the remaining causes of action.

WEISS, P. J., LEVINE, MERCURE and CASEY, JJ., concur.

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant Chemung County Department of Social Services' motion for summary judgment dismissing the complaint against it and as granted the motions of defendants Nancy Smith and Marcia A. Allen for summary judgment dismissing the intentional tort claims on behalf of Lane A. Van Emrik and the negligence claims interposed against them on the ground of res judicata; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.