■ CONNIE F. VAN EMRIK et al., Individually and as Parents and Guardians of LANE A. VAN EMRIK, et al., Infants, Appellants, v CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES et al., Respondents. [632 NYS2d 712] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Monserrate, J.), entered May 24, 1994 in Chemung County, which granted defendants' motion for summary judgment dismissing the complaint. ·

This action by plaintiffs attempts to hold defendants liable for certain actions they took while defendants were investigating the possibility that one of plaintiffs' daughters had been physically abused. The matter was previously before this Court on plaintiffs' appeal from an order granting defendants' motion for summary judgment dismissing the complaint (191 AD2d 143). At issue in that appeal was whether a prior Federal determination of immunity from Federal suit collaterally estopped plaintiffs from litigating the issue of defendants' immunity from liability under State law. As the result of the dismissal of their Federal civil rights action (*see, Van Emrik v Chemung County Dept. of Social Servs.*, 911 F2d 863), plaintiffs commenced the instant action interposing non-Federal claims against defendants. Supreme Court determined that plaintiffs were precluded from suing in State court by virtue of the prior Federal determination. We held, however, that the relevant inquiry used to determine defendants' immunity based on a violation of Federal statutory law was different from the analysis used under the State law immunity provisions (191 AD2d 143, 146, *supra*). The order granting summary judgment was modified and the matter remitted to Supreme Court.[1] Upon remittal, Supreme Court again granted summary judgment in favor of defendants, finding that they had demonstrated their entitlement to the qualified immunity privilege provided by Social Services Law § 419. This appeal by plaintiffs followed.

The facts in this case may be found in our previous decision (191 AD2d 143, *supra*) and are briefly stated here. Following the hospital admission in May 1986 of plaintiffs' youngest daughter due to a fracture in the child's right leg, child abuse was suspected and a report was filed with the State Department of Social Services' Child Abuse and Maltreatment Register. In investigating the matter, defendant Nancy Smith, a former employee of defendant Chemung County Department of

---

1. This Court left intact Supreme Court's ancillary determination dismissing plaintiffs' individual intentional tort claims against the individual defendants.

Social Services, requested the taking of long bone X rays without plaintiffs' consent. In addition, Smith obtained an ex parte order pursuant to Family Court Act § 1022 placing the child in temporary foster care. Although the child was initially put in foster care, at the request of her treating physicians she was readmitted to the hospital on the same day. Defendants' investigation concluded without any finding of abuse.

Plaintiffs contend that questions of fact exist as to whether defendants are entitled to the qualified immunity from liability provided by Social Services Law § 419. That statute affords immunity to those participating in the investigation of child abuse allegations (*see*, Social Services Law § 424; *William M. v Laub*, 149 AD2d 475) as long as they act within the scope of their employment and do not engage in willful misconduct or gross negligence. The law further contains a statutory presumption that actions taken to protect a child are made in good faith. With respect to the allegations concerning the child's temporary removal to foster care, we are of the view that plaintiffs failed to rebut the statutory presumption of defendants' good faith. As it has been stated, "only a persuasive showing of bad faith will permit * * * an action [alleging a violation of a plaintiff's rights] to proceed to trial" (*Satler v Larsen*, 131 AD2d 125, 126). The goal of establishing a child protective service capable of investigating cases of alleged abuse swiftly and competently is intended to be encouraged and protected by the immunity granted under Social Services Law § 419 (*see*, *William M. v Laub, supra*).

In support of her request for an order of removal, Smith stated that neither the parents nor the babysitter had provided an explanation for the injuries. Smith was therefore concerned about the child's safety if returned home. Although plaintiffs stated that they believed that the sitter was responsible for the injury, the failure of Smith to note this does not warrant precluding the statutory presumption of good faith. The sitter denied any culpability and, therefore, the cause of the child's injury had not been explained. Denying responsibility and contending that the sitter was at fault does not, in our view, make Smith's contention that there was not an explanation for the injuries factually incorrect. In any event, it cannot be said that such a statement raised a question of fact as to whether there was willful misconduct or gross negligence sufficient to overcome the statutory presumption of good faith.

In addition, while it is true that the child's treating physicians requested that she be readmitted to the hospital upon learning of her removal to foster care, this too is insufficient to

rebut the statutory presumption. The child's physicians averred that, prior to the child's removal, they had discussed with defendants the option of letting the child stay in the hospital pending the investigation and had they known of defendants' intention to place her in foster care, the discharge would not have been authorized. At the time defendants obtained the order of removal, however, they believed that the hospital intended to release the child to her parents. The record also reveals that defendants tried to contact plaintiffs' attorney concerning the request for removal but were unable to reach him. We do agree, *under the circumstances of this case*, that defendants could then have easily gone to the hospital and personally apprised plaintiffs of their intent to apply for a temporary order of removal. While we do not condone defendants' failure to make "every reasonable effort" (*see*, Family Ct Act former § 1023)[2] to inform plaintiffs of their intent, this omission does not demonstrate willful misconduct or gross negligence on their part.

We reach a different conclusion, however, with respect to Smith's request for the long bone X rays. The statutory presumption of good faith applies only when defendants act "in the discharge of their duties and within the scope of their employment" (Social Services Law § 419). In requesting the X rays, Smith purportedly acted pursuant to Social Services Law § 416. That statute, however, permits a radiological examination only "if medically indicated". Here, the X rays were clearly not medically indicated. We reject defendants' argument that the statute only applies to the reporting individual or official and was, therefore, inapplicable to defendants because they were conducting the investigation. Insofar as the X rays were not medically indicated, a question exists as to whether Smith acted within the scope of her employment, thus precluding application of the statutory presumption of good faith provided by Social Services Law § 419. Defendants contend that even if Smith was not authorized under Social Services Law § 416 to request the X rays, she was so authorized under Social Services Law § 424 (6). Under that statute, the agency's investigation of suspected abuse must include a determination of the nature, extent and cause of any condition

---

**2.** We note that at the time of the incident at issue, Family Court Act former § 1023 required that every reasonable effort be made to contact the parent. The statute has, however, since been amended (*see*, L 1988, ch 527, § 2) with far more specific instructions as to what constitutes a "reasonable effort".

listed in the report. That still does not answer, however, the question of whether Smith's request was within the scope of her employment. Therefore, questions of fact exist as to the applicability of Social Services Law § 419.

Supreme Court's decision must therefore be modified to the extent of reinstating those causes of action concerning the request for X rays. We have considered plaintiffs' remaining arguments and find them unpersuasive.

White, Casey, Peters and Spain, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' motion for summary judgment dismissing the causes of action relating to the taking of X rays; motion denied to that extent; and, as so modified, affirmed.