990

■ Emily Iannotti et al., Appellants, v City of Amsterdam, Respondent. [639 NYS2d 537] —Mercure, J.

Alleging defendant's negligence in causing or permitting a vast quantity of raw sewage to enter the cellar of the premises owned by plaintiff Emily Iannotti (hereinafter Iannotti) and occupied by her and her daughter, plaintiff Agnes Iannotti, plaintiffs seek damages, *inter alia*, for personal injuries and psychic injuries allegedly suffered when they waded into the sewage in an effort to keep the influx from reaching the level of the electrical service to the property. In their bill of particulars, plaintiffs claim (as relevant to this appeal) damages "caused by having to step into and work in waist level sewage, bailing it for hours * * * [and] for mental anguish caused thereby and by reason of the obnoxious smell which permeated the cellar area and the home for a number of months thereafter". In addition, Iannotti asserted a claim "for the heart palpitations * * * [and] discomfort or a tightening in her chest wherein she was nervous and upset, began shaking, appeared faint and required the taking of [her] nitroglycerin prescription" by reason of the incident in question. Submitting competent evidence that neither plaintiff sought treatment from a medical or mental health professional as a result of the incident, defendant moved to dismiss so much of the complaint as sought to recover for personal injury or mental anguish. Supreme Court gave notice of its intention to convert the motion to one for summary judgment and, in the absence of a competent evidentiary showing in opposition, granted the motion. Plaintiffs appeal.

There should be an affirmance. Even disregarding the fact that plaintiffs appear not to have been under any genuine compulsion to enter the standing sewage, it is our view that plaintiffs failed to oppose defendant's motion with competent evidence to support their claim of injury. Although New York now recognizes a cause of action for direct negligent infliction of mental distress (*see, Battalla v State of New York*, 10 NY2d 237), there can be no recovery absent a sufficient guarantee of the genuineness of the claim, invariably requiring some competent evidence of contemporaneous or consequential physical harm (*see, Johnson v State of New York*, 37 NY2d 378, 381; *Battalla v State of New York, supra*; *Conway v Brooklyn Union Gas Co.*, 189 AD2d 851; *Lancellotti v Howard*, 155 AD2d 588,

590; *Ordway v County of Suffolk,* 154 Misc 2d 269, 271-272). The only physical injury alleged in the bill of particulars or in plaintiffs' affidavit in opposition to the motion is the chest pain suffered by Iannotti. However, in the absence of any evidence from a medical professional, there is no competent basis for a finding that this claimed physical manifestation (or, for that matter, the psychic trauma alleged by plaintiffs) was the result of defendant's conduct (*see, Valenti v Great Atl. & Pac. Tea Co.,* 207 AD2d 340, 341; *compare, Hyatt v Pepsi-Cola Albany Bottling Co.,* 32 AD2d 574), particularly in view of the fact that Iannotti obviously suffered a preexisting heart condition. Under the circumstances, we view plaintiffs' claim of injury as wholly speculative (*see, supra; Kaufman v Physical Measurements,* 207 AD2d 595). As a final matter, we agree with Supreme Court that defendant's actions did not approach the type of outrageous conduct necessary to support a cause of action for intentional infliction of emotional distress (*see, e.g., Howell v New York Post Co.,* 81 NY2d 115, 121-122; *Natoli v City of Kingston,* 195 AD2d 861, 862).

Mikoll, J. P., Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.