◼ Robert Dobisky, Individually and as Administrator of the Estate of Willis Dobisky, Deceased, et al., Appellants-Respondents, v Terry Rand et al., Respondents-Appellants. [670 NYS2d 606] —Carpinello, J. Cross appeals from an order of the Supreme Court (Demarest, J.), entered May 15, 1997 in St. Lawrence County, which, *inter alia*, partially granted defendants' motion for summary judgment and dismissed the first, third and fourth causes of action of the amended complaint.

Plaintiffs are the children of Willis Dobisky (hereinafter decedent), who was admitted to defendant A. Barton Hepburn Hospital (hereinafter defendant) in the City of Ogdensburg, St. Lawrence County, on December 31, 1994 suffering from, among other ailments, acute respiratory failure and placed on artificial life support systems, including a ventilator. Following consultation with her family, as well as her health care proxy, all

artificial life support measures were discontinued on January 10, 1995. In the 23-hour period that followed before she passed away, plaintiffs expressed concerns about decedent's comfort level in her final hours.

In the early morning hours of January 11, 1995, decedent's family requested defendant Terry Rand, the registered nurse then responsible for her care, to give decedent additional medication. In Rand's judgment, decedent was not suffering and therefore not in need of further medication. Moreover, according to Rand, there was no medical order in place for additional medication. Several hours later, decedent's attending physician ordered that additional doses of Fentanyl could be injected, if needed, every 30 minutes if she was agitated or restless (decedent was also receiving Fentanyl through an intravenous drip). When she eventually passed away, decedent was being cared for by Sharon LaDuke, the nurse care manager of defendant's critical care unit. LaDuke administered Fentanyl injections to decedent within 15 minutes of each other and decedent died within five minutes of the final injection.

LaDuke's subsequent statements to, among others, hospital personnel that she may have euthanized decedent at the family's insistence and that she "helped another patient along" prompted defendant to conduct an investigation into decedent's death. In addition to an internal investigation, hospital representatives and a criminal attorney retained by the hospital met with the District Attorney of St. Lawrence County. No criminal charges were ever filed in connection with decedent's death.*

Alleging causes of action in negligent and intentional infliction of emotional distress, breach of warranty, breach of contract and medical malpractice, plaintiffs commenced this action against defendant, its administrator and Rand. At issue on appeal is Supreme Court's order dismissing all claims except the medical malpractice claim. The parties cross-appeal and we now affirm.

A cause of action for intentional infliction of emotional distress "predicates liability on the basis of extreme and outrageous conduct, which so transcends the bounds of decency as to be regarded as atrocious and intolerable in a civilized society" (*Freihofer v Hearst Corp.*, 65 NY2d 135, 143). The particular conduct cited by plaintiffs on appeal in support of this allega-

---

* We note, however, that defendant subsequently terminated LaDuke, who unsuccessfully challenged her dismissal in a CPLR article 78 proceeding (*see, Matter of LaDuke v Hepburn Med. Ctr.*, 239 AD2d 750, *lv denied* 91 NY2d 802).

tion includes defendant's investigation into decedent's death, its retention of an attorney to turn the matter over to the District Attorney, thereby allegedly implicating them in her death, and its refusal to keep them abreast of the status of their internal investigation. This conduct does not rise to the level of atrocity or outrageousness necessary to sustain a claim of this nature (*see, Howell v New York Post Co.*, 81 NY2d 115, 121-122). In fact, given LaDuke's admissions, defendant had an obligation to conduct an investigation and would have been remiss had it failed to do so (*see generally, Klinge v Ithaca Coll.*, 235 AD2d 724, 727; *see also*, 10 NYCRR 405.8 [b] [1]). Moreover, there is no evidence that the actions complained of were undertaken with an intent to cause plaintiffs extreme emotional distress or in disregard of a "substantial probability" that they would cause such distress (*Caballero v First Albany Corp.*, 237 AD2d 800, 803). Plaintiffs were never personally implicated by any hospital representative in decedent's death or subjected to a criminal investigation themselves, nor were formal charges ever filed (*cf., Vasarhelyi v New School for Social Research*, 230 AD2d 658; *Elson v Consolidated Edison Co.*, 226 AD2d 288; *Levine v Gurney*, 149 AD2d 473).

A claim for negligent infliction of emotional distress requires a showing that defendants' conduct unreasonably endangered plaintiffs' physical safety or, as exceptions to this rule, that untruthful information regarding death was transmitted or that a corpse was negligently mishandled (*see, Johnson v State of New York*, 37 NY2d 378, 381-382). There being no facts alleged which would support this cause of action, it was properly dismissed. Since this State does not recognize a cause of action in breach of warranty for the performance of services, including services performed in a hospital setting (*see, e.g., Verra v Koluksuz*, 74 AD2d 932; *Sala v Tomlinson*, 73 AD2d 724, 725, *appeal dismissed* 49 NY2d 701) and there is no evidence of an express promise by any defendant to cure decedent or to accomplish some definite result (*see, Owen v Appelbaum*, 205 AD2d 976, 977-978; *Monroe v Long Is. Coll. Hosp.*, 84 AD2d 576), plaintiffs' breach of warranty and contract claims were also properly dismissed. As a final matter, we are satisfied that questions of fact exist concerning the medical malpractice claim such that summary judgment is inappropriate at this time.

The parties' remaining contentions have been reviewed and rejected.

Cardona, P. J., Mercure, White and Spain, JJ., concur. Ordered that the order is affirmed, without costs.