■ LINDA HART et al., Appellants, v CHILD'S NURSING HOME COMPANY, INC., Respondent. [749 NYS2d 297] —Crew III, J.P. Appeals (1) from an order of the Supreme Court (McNamara, J.), entered November 3, 2000 in Albany County, which partially granted defendant's motion to dismiss the complaint for failure to state a cause of action, and (2) from an order of said court, entered February 7, 2001 in Albany County, which, inter alia, granted defendant's motion to dismiss the remaining causes of action in the complaint as time-barred.

Plaintiffs, proceeding pro se, commenced this action seeking to recover damages purportedly sustained in connection with, inter alia, defendant's allegedly negligent care and treatment of their mother, Anne Hart (hereinafter decedent), who was a resident of defendant's facility from December 1994 through July 1997. Specifically, plaintiffs alleged that defendant's staff threatened and harassed them, interfered with their ability to visit decedent and provided them with inaccurate information regarding decedent's health and ultimate death. Following joinder of issue, defendant moved to dismiss the complaint for

---

failure to state a cause of action. By order entered November 3, 2000, Supreme Court dismissed plaintiffs' negligence, medical malpractice and wrongful death claims due to plaintiffs' failure to allege and/or establish that either of them was decedent's personal representative. Supreme Court also dismissed plaintiffs' cause of action for intentional infliction of emotional distress, finding that the conduct alleged was not extreme and outrageous, as well as plaintiffs' claim for negligent infliction of emotional distress. Thereafter, by order entered February 7, 2001, Supreme Court granted defendant's motion to dismiss the remaining causes of action sounding in assault, battery and malicious prosecution, finding that such causes of action were time-barred. These appeals by plaintiffs ensued.

We affirm. As a starting point, there can be no question that Supreme Court properly dismissed those causes of action alleging assault, battery and malicious prosecution. The intentional acts alleged by plaintiffs predated the commencement of this action by more than one year (*see* CPLR 215 [3]) and, as such, the underlying causes of action are time-barred.

Turning to plaintiffs' remaining claims, we cannot say that Supreme Court erred in dismissing plaintiffs' cause of action for intentional infliction of emotional distress. Notwithstanding the liberal construction to be afforded a complaint on a motion to dismiss (*see Virgem Enters. v City of New York*, 290 AD2d 708), it was incumbent upon plaintiffs to allege conduct that was "so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community" (*Doe v Community Health Plan—Kaiser Corp.*, 268 AD2d 183, 188; *see Cavanaugh v Doherty*, 243 AD2d 92, 102). This plaintiffs failed to do.

Even a cursory review of the record reveals that defendant and its staff essentially were caught in the middle of an ongoing feud between plaintiffs and decedent's husband, the latter of whom had been appointed decedent's guardian. Plaintiffs clearly believed that they knew what was best for decedent in terms of frequency of visitations and specific methods of care and treatment, and they adamantly attempted to impose their will upon defendant's staff, notwithstanding the fact that defendant's facility operated by certain rules and that decedent's spouse (and legal guardian) had requested that defendant enforce certain restrictions he had placed upon plaintiffs' visitations. When defendant's staff attempted to honor both the institutional policies at issue and the express wishes of decedent's husband in this regard, conflict with plaintiffs

ensued and, on at least one occasion, escalated to the point of requiring police intervention. Viewing plaintiffs' allegations of verbal and physical threats and/or abuse in this context, we cannot say that plaintiffs met their burden of alleging conduct that transcended the bounds of human decency.

We reach a similar conclusion regarding plaintiffs' claim for negligent infliction of emotional distress, which is premised upon defendant's representatives allegedly providing plaintiffs with misleading information regarding decedent's health and eventual death. In this regard, it is well settled that "[a] claim for negligent infliction of emotional distress requires a showing that defendants' conduct unreasonably endangered plaintiffs' physical safety or, as exceptions to this rule, that untruthful information regarding death was transmitted or that a corpse was negligently mishandled" (see Dobisky v Rand, 248 AD2d 903, 905). Plaintiffs do not allege, and the record does not support, a finding that plaintiffs' physical safety was endangered by defendant's alleged conduct. Nor does the stated exception apply, as the alleged misrepresentations regarding the state of decedent's health were made prior to her death, and plaintiffs have not alleged that defendant's representatives falsely informed them that their mother was dead.* Accordingly, Supreme Court properly dismissed this cause of action. Plaintiffs' remaining contentions, including their assertion that Supreme Court erred in dismissing their wrongful death claim, have been examined and found to be lacking in merit.

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the orders are affirmed, without costs.

---

* In this regard, plaintiffs alleged only that "defendant's overnight nursing staff falsely stated that they weren't able to answer * * * whether [plaintiffs'] mother was alive or dead, and whether [she] was at defendant's facility, or at the hospital."