■ KIM ROSS, Individually and as Administratrix of the Estate of TYNASHIA ROSS, Deceased, Appellant, v CITY OF NEW YORK et al., Respondents. [753 NYS2d 725] —Order, Supreme Court, Bronx County (Paul Victor, J.), entered on or about September 20, 2001, which granted defendants' motion for

summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendants concede that the motion court's rationale for dismissal was erroneous, but offer alternative arguments for affirmance of the ordered dismissal, which are properly before us and which we address. Social Services Law § 419 provides that "the removal or keeping of a child pursuant to [that] title" is cloaked in "immunity from any liability, civil or criminal," and that the municipality is presumed to have acted in good faith unless there was "willful misconduct or gross negligence" (*see Van Emrik v Chemung County Dept. of Social Servs.*, 220 AD2d 952, 953, *lv dismissed* 88 NY2d 874). That immunity applies at bar (*see Lara v City of New York*, 187 Misc 2d 882). Plaintiff has not raised a question of fact as to willful misconduct or gross negligence by nonspeculative evidence (*see Kubik v New York State Dept. of Social Servs.*, 244 AD2d 606, 609; *see also Van Emrik*, 220 AD2d at 953). Concur—Mazzarelli, J.P., Andrias, Saxe, Buckley and Friedman, JJ.