■ JAMIE MOORE, Individually and as Parent and Guardian of AMBER MOORE, an Infant, Appellant, v MARK MELESKY et al., Respondents. [788 NYS2d 679]—

Rose, J. Appeal from an order of the Supreme Court (Canfield, J.), entered September 10, 2003 in Rensselaer County, which granted defendants' motion to dismiss the complaint.

On May 23, 2002, plaintiff's 12-year-old daughter (hereinafter the child) telephoned the local police and reported that her mother had grabbed her by the neck, slammed her into a counter, threatened to beat her, trashed her room and punctured her inflatable chair with a large kitchen knife. At that time, pursuant to a 1997 Family Court order, plaintiff shared joint physical custody of the child with her ex-husband (hereinafter the father). The police reported the incident to defendant Rensselaer County Department of Social Services (hereinafter DSS). Two DSS child protective workers, defendants Mark Melesky and John Speranza, contacted the father, with whom the child was residing for the weekend, and arranged a "safety plan" for the child with the father keeping her in his custody pending an investigation. The father thereafter refused to return the child to plaintiff. Some days later, a third DSS worker, defendant Tina Simmons, dissuaded plaintiff from retrieving the child from her school, allegedly by threatening to file a neglect proceeding in Family Court against plaintiff. Plaintiff then petitioned Family Court to recover physical custody from the father. DSS did not oppose the child's return and, ultimately, the report of suspected child abuse was held to be unfounded.

On August 2, 2002, plaintiff filed and served a terse notice of claim asserting that DSS and defendant County of Rensselaer had negligently interfered with her custody of the child. Plaintiff, individually and as the child's parent, then commenced this action against those parties and the DSS workers individually, alleging eight causes of action on behalf of both herself and the child for common-law negligence, deprivation of a constitutional right in violation of 42 USC § 1983, and intentional and negligent infliction of emotional distress. Defendants moved to dismiss the complaint on the grounds that plaintiff failed to comply with the notice of claim requirements of the General Municipal Law and the complaint failed to state a cause of action. Supreme Court granted defendants' motion and dismissed the complaint. Plaintiff appeals and we affirm.

Initially, plaintiff contends that Supreme Court abused its discretion in refusing to excuse certain defects in the notice of claim and basing dismissal of some of her claims on those defects. In both its caption and its text, however, the notice identified only plaintiff individually as the claimant (*see* General Municipal Law § 50-e [2]) and only DSS and the County as the parties against whom the claim was being made. Plaintiff's citation to *Przestrzelski v Board of Educ. of Fort Plain School Dist.* (71 AD2d 743 [1979]) is unavailing because, in that case, the notice of claim was filed on behalf of both the parent and the child, and the only issue was whether the child could later assert the claims previously attributed to the parent. In light of the notice's specification of parties here, and since corrections of a substantive nature are beyond the scope of the discretion conferred by General Municipal Law § 50-e (6) (*see e.g. Harrington v City of New York,* 6 AD3d 662, 663 [2004]; *White v Averill Park Cent. School Dist.,* 195 Misc 2d 409, 411-412 [2003]), we find that Supreme Court did not err in dismissing the child's claims against DSS and the County as well as all claims against the individual defendants to the extent that they were acting within the scope of their employment.

Turning to the complaint, the first two causes of action assert that defendants intentionally and negligently interfered with the custodial rights of plaintiff and the child. We note, however, that Social Services Law § 419 affords immunity to those who investigate suspected child abuse where "they act within the scope of their employment and do not engage in willful misconduct or gross negligence" (*Van Emrik v Chemung County Dept. of Social Servs.,* 220 AD2d 952, 953 [1995], *lv dismissed* 88 NY2d 874 [1996]). Plaintiff argues that her allegations, including the claim that the individual defendants acted

intentionally and unlawfully, are equivalent to an express allegation that defendants acted outside the scope of their employment. We disagree. The test is whether the act is done while the employee is doing the employer's work, "no matter how irregularly, or with what disregard of instructions" (*Riviello v Waldron,* 47 NY2d 297, 302 [1979] [internal quotation marks and citations omitted]; *see Gore v Kuhlman,* 217 AD2d 890, 890 [1995]). Under this standard, tortious conduct has been found to fall within the scope of employment if it is a "natural incident of the employment" (*Riviello v Waldron, supra* at 304). Public officials are also afforded immunity under the common law where their alleged acts and omissions are discretionary, even if the acts arose out of malice (*see Tango v Tulevech,* 61 NY2d 34, 40, 41-42 [1983]).

Here, the complaint alleges in a conclusory manner that defendants unlawfully deprived plaintiff of custody by failing to comply with the requirements of Family Ct Act article 10. Because it does not allege facts showing that the postremoval obligations imposed on DSS by Family Ct Act §§ 1024 and 1026 were applicable, defendants acted outside the scope of their employment or their conduct was ministerial so as to overcome their qualified immunity, Supreme Court properly dismissed the first two causes of action (*see Della Villa v Constantino,* 246 AD2d 867, 868-869 [1998]; *see also Van Emrik v Chemung County Dept. of Social Servs., supra* at 953-954; *Kempster v Child Protective Servs. of Dept. of Social Servs. of County of Suffolk,* 130 AD2d 623, 625-626 [1987]).

As to the third and fourth causes of action alleging that plaintiff and the child were deprived of their constitutionally protected right to care and custody, we find that no claim is stated under 42 USC § 1983 because there is no allegation that the actions of the DSS workers were pursuant to a policy or custom of either the County or DSS (*see Landsman v Village of Hancock,* 296 AD2d 728, 730-731 [2002], *appeal dismissed* 99 NY2d 529 [2002]; *Rossi v City of Amsterdam,* 274 AD2d 874, 877 [2000]). Moreover, under 42 USC § 1983, immunity exists if the worker had the authority to perform the acts complained of (*see Godinez v Siena Coll.,* 288 AD2d 659, 661-662 [2001], *appeal dismissed and lv denied* 97 NY2d 722 [2002]) and it was objectively reasonable for the worker to believe that those acts did not violate protected rights (*see Robison v Via,* 821 F2d 913, 920-921 [1987]; *Van Emrik v Chemung County Dept. of Social Servs.,* 191 AD2d 143, 147 [1993]).

Here, DSS and its workers were authorized and obligated by statute to investigate the allegations of child abuse and

safeguard the child's welfare (*see* Social Services Law § 397 [2] [a]). Given this authority, the father's shared physical custody and the absence of factual allegations evidencing a violation of Family Ct Act article 10, no rational finder of fact could conclude that it was not objectively reasonable for defendants to believe that arranging for the child to remain with her father during their investigation was the least intrusive way to satisfy their obligation to safeguard the child (*see Robison v Via, supra* at 919).

Finally, we find that the complaint fails to state a cause of action for either intentional or negligent infliction of emotional distress because it attributes to defendants neither conduct that is so extreme and outrageous as to be considered " 'atrocious and utterly intolerable' " (*Hart v Child's Nursing Home Co.,* 298 AD2d 721, 722 [2002], quoting *Doe v Community Health Plan—Kaiser Corp.,* 268 AD2d 183, 188 [2000]; *see Demas v Levitsky,* 291 AD2d 653, 660 [2002], *lv denied* 98 NY2d 728 [2002]) nor a breach of duty that unreasonably endangered plaintiff's physical safety (*see Hart v Child's Nursing Home Co., supra* at 723; *Dobisky v Rand,* 248 AD2d 903, 905 [1998]). Also, it is well settled that a claim of intentional infliction of emotional distress cannot be maintained against governmental entities (*see Matter of Lynch v State of New York,* 2 AD3d 1002, 1003 [2003]).

Accordingly, we find that Supreme Court properly granted defendants' motion to dismiss the complaint.

Peters, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs.