■ Louis Tatta, Appellant, v State of New York, Respondent. [799 NYS2d 610]—

---

Rose, J. Appeal from a judgment of the Court of Claims (Lack, J.), entered February 4, 2004, upon a decision of the court in favor of claimant.

Claimant commenced this action to recover statutory and compensatory damages for the unauthorized and negligent disclosure of his confidential medical diagnosis by state officials at Eastern Correctional Facility in Ulster County. After a hearing, the Court of Claims found that although the disclosure of claimant's medical information to his children had not been intentional or malicious, it constituted a violation of Public Health Law § 2782. The court imposed a civil penalty of $2,500 for that violation pursuant to Public Health Law § 2783, but made no award for claimant's claim of emotional distress allegedly inflicted by the disclosure. Claimant now appeals, arguing that the amount awarded is grossly inadequate and the Court of Claims erred by failing to separately address his claim for compensatory damages.

As to the civil penalty imposed for the violation of Public Health Law § 2782, we note that a court has broad discretion in choosing the amount of such a penalty so long as the court explains its choice and it is not disproportionate to the offense (*see People ex rel. Higgins v Peranzo*, 179 AD2d 871, 874-875 [1992]; *State of New York v Town of Wallkill*, 170 AD2d 8, 10-11 [1991]). Also, we afford deference to factual findings made by the Court of Claims where, as here, they are based largely on credibility determinations (*see e.g. Burton v State of New York*, 283 AD2d 875, 877 [2001]; *Trendell v State of New York*, 214 AD2d 887, 888-889 [1995]). Here, the Court of Claims credited the testimony of the officer responsible for the disclosure. That testimony supports the court's finding that the disclosure had been inadvertent and intended instead for claimant's wife, to whom claimant had authorized such disclosure. The court cited this lack of intent as the basis for awarding less than the maximum statutory penalty, and we find no abuse of its discretion in doing so.

Nor do we find that the Court of Claims erred in making no award of compensatory damages for negligent infliction of emotional distress. Even if claimant could assert such a claim against defendant (*see Augat v State of New York*, 244 AD2d

835, 837 [1997], *lv denied* 91 NY2d 814 [1998]; *see also Lauer v City of New York*, 95 NY2d 95, 102-103 [2000]), he would have to show that defendant's conduct unreasonably endangered his physical safety (*see Hart v Child's Nursing Home Co.*, 298 AD2d 721, 723 [2002]; *Dobisky v Rand*, 248 AD2d 903, 905 [1998]). Although claimant alleged that the unauthorized disclosure accelerated the progression of his illness and resulted in deterioration of his health, he was required to present competent medical evidence of the effects of the disclosure (*see Duffen v State of New York*, 245 AD2d 653, 653-654 [1997], *lv denied* 91 NY2d 810 [1998]; *Glendora v Walsh*, 227 AD2d 377, 377-378 [1996], *lv denied* 88 NY2d 812 [1996]). Since claimant presented only his own testimony, the evidence was wholly insufficient to support a claim for the negligent infliction of emotional distress. Accordingly, the Court of Claims did not err in implicitly rejecting claimant's claim for compensatory damages.

Cardona, P.J., Mercure, Peters and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.