■ Abbe Graber, Appellant, v Ricky A. Bachman et al., Respondents. [812 NYS2d 659]—

Peters, J. Appeal from an order of the Supreme Court (Meddaugh, J.), entered April 14, 2005 in Sullivan County, which granted defendants' motion for summary judgment dismissing the complaint.

On March 31, 2003, at approximately 1:30 A.M., a tractor trailer driven by defendant Ricky A. Bachman and owned by defendant MB Food Processing, Inc., veered off Route 42 in the

* Garrant was charged with a violation of Vehicle and Traffic Law § 1120 (a).

Town of Thompson, Sullivan County, and struck plaintiff's home. At the time of the accident, plaintiff was sleeping in a room approximately three to four feet from the impact. Plaintiff was awakened when she heard "[a] tremendous roaring, crashing, wood-splitting noise" which sounded like an explosion. When she went to assess the situation, she observed a hole where the truck struck the house and noted debris from hundreds of chickens that the truck was carrying.

Plaintiff commenced this action seeking damages for her emotional distress, alleging not only a negligence claim but also a serious injury under Insurance Law § 5102 (d). Defendants successfully moved for summary judgment on the negligence claim. Although Supreme Court dismissed the complaint, it did not specifically rule on the Insurance Law cause of action. Plaintiff appeals.

Initially, as we are empowered to address the Insurance Law § 5102 cause of action despite Supreme Court's declination to do so (see CPLR 3212 [b]; *Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 110 [1984]), we dismiss that claim for a failure to offer objective medical evidence (see *Bissonette v Compo,* 307 AD2d 673, 674 [2003]). Left with a cause of action for negligent infliction of emotional distress, plaintiff was required to show a breach of a duty owed to her which unreasonably endangered her physical safety, or caused her to fear for her own safety (see *Moore v Melesky,* 14 AD3d 757, 761 [2005]; *Sheila C. v Povich,* 11 AD3d 120, 130 [2004]; *Dobisky v Rand,* 248 AD2d 903, 905 [1998]). While we recognize that plaintiff may recover damages for emotional distress, even in the absence of a corresponding physical injury, those circumstances will typically occur when "there exists 'an especial likelihood of genuine and serious mental distress, arising from . . . special circumstances, [since it] serves as a guarantee that the claim is not spurious' " (*Johnson v State of New York,* 37 NY2d 378, 382 [1975], quoting Prosser, Torts § 54, at 330 [4th ed]; *see Battalla v State of New York,* 10 NY2d 237, 241-242 [1961]; *Iannotti v City of Amsterdam,* 225 AD2d 990, 990-991 [1996]; *Kaufman v Physical Measurements,* 207 AD2d 595, 596 [1994]).

Here, defendant, as the movant, sustained his prima facie evidentiary burden (see *Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). In response, plaintiff proffered both her own affidavit and her bill of particulars indicating that she suffered from emotional distress which was an "exacerbation and/or acceleration of a prior existing post-traumatic stress disorder." In the absence of any expert proof, more was required (see *Tatta v State of New York,* 20 AD3d 825, 827 [2005], *lv denied* 5 NY3d

716 [2005]; *Atkins v Exxon Mobil Corp.,* 9 AD3d 758, 759 [2004]; *Iannotti v City of Amsterdam, supra* at 991; *Doner v Adams Contr.,* 208 AD2d 1072, 1072 [1994]; *Kaufman v Physical Measurements, supra* at 596; *compare Allinger v City of Utica,* 226 AD2d 1118, 1120 [1996]). It is undisputed that the truck struck a different part of the house from where plaintiff was sleeping and that only a picture fell off the wall in her room; she suffered no physical injury nor was she in danger of physical harm (*see Hart v Child's Nursing Home Co.,* 298 AD2d 721, 723 [2002]; *Dabb v NYNEX Corp.,* 262 AD2d 1079, 1080 [1999]; *Dobisky v Rand, supra* at 905; *Gonzalez v New York City Hous. Auth.,* 181 AD2d 440, 440 [1992]). Moreover, as plaintiff did not have a contemporaneous awareness of defendants' truck heading towards her home before its impact, no viable claim can be made that the accident was a traumatic event which placed her in imminent fear for her safety (*see Lopez v Gomez,* 305 AD2d 292, 293 [2003]; *Gao Yi Feng v Metropolitan Transp. Auth.,* 285 AD2d 447, 448 [2001]; *Gonzalez v New York City Hous. Auth., supra* at 440); mere observance of the negligently imposed physical damage to her home is insufficient to support her claim for emotional distress (*see Probst v Cacoulidis,* 295 AD2d 331, 332 [2002]; *Dabb v NYNEX Corp., supra* at 1079-1080; *Caprino v Silsby,* 226 AD2d 1078, 1078 [1996]).

Cardona, P.J., Crew III, Lahtinen and Rose, JJ., concur. Ordered that the order is affirmed, with costs.