■ DAMON NICHOLSON et al., Individually and as Parents of ERIKA NICHOLSON and Others, Infants, Appellants, v A. ANASTASIO & SONS TRUCKING CO., INC., et al., Respondents. [909 NYS2d 244]—

Appeal from an order of the Supreme Court, Seneca County (Dennis F. Bender, A.J.), entered October 2, 2009. The order

granted the motion of defendants for partial summary judgment dismissing plaintiffs' causes of action for negligent infliction of emotional distress.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is denied and the claims for negligent infliction of emotional distress are reinstated.

Memorandum: Plaintiffs commenced this action, individually and as parents of their three children, alleging that they sustained damages to their property as well as "emotional harm and mental pain and suffering" as a result of an incident in which a tractor-trailer owned by defendant A. Anastasio & Sons Trucking Co., Inc. and operated by defendant Jerry Slyster crashed into their home while they were sleeping. Neither plaintiffs nor their children were physically injured but, according to plaintiffs, their property was extensively damaged and they were trapped inside the house for a period of time "because the doors were wedged tight." Plaintiffs further allege that they "have moments when they re[ ]live the terror, panic and shock of being trapped in their house and thinking that they would die."

We agree with plaintiffs that Supreme Court erred in granting defendants' motion for partial summary judgment dismissing the claims for negligent infliction of emotional distress. "[W]hen there is a duty owed by defendant[s] to plaintiff[s], breach of that duty resulting directly in emotional harm is compensable even though no physical injury occurred" (*Kennedy v McKesson Co.*, 58 NY2d 500, 504 [1983]; *see Battalla v State of New York*, 10 NY2d 237, 240-242 [1961]). To recover damages for negligent infliction of emotional distress, however, plaintiffs must establish that, inter alia, defendants' negligence unreasonably endangered the physical safety of plaintiffs or caused them to fear for their safety (*see Moore v Melesky*, 14 AD3d 757, 761 [2005]; *Sheila C. v Povich*, 11 AD3d 120, 130 [2004]; *Dobisky v Rand*, 248 AD2d 903, 905 [1998]).

Here, defendants failed to meet their initial burden on the motion of establishing that their conduct did not endanger the physical safety of plaintiffs or cause them to fear for their safety (*cf. Passucci v Home Depot, Inc.*, 67 AD3d 1470, 1471 [2009]; *Graber v Bachman*, 27 AD3d 986, 987 [2006]; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). In support of the motion, defendants contended only that plaintiffs could not recover for negligent infliction of emotional distress arising from the destruction of their property. Although defendants submitted an additional affirmation from their attorney

following oral argument of the motion, they still failed to address plaintiffs' allegation in the bill of particulars that, as a result of defendants' negligence, plaintiffs were trapped in their house and were afraid that they were going to die. Inasmuch as defendants failed to submit sufficient evidence establishing their entitlement to judgment as a matter of law, the court should have denied the motion, regardless of the sufficiency of plaintiffs' opposing papers (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Innovative Transmission & Engine Co., LLC v Massaro, 37 AD3d 1199, 1202 [2007]). Present—Centra, J.P., Peradotto, Lindley, Sconiers and Gorski, JJ.