Santoro v State of New York (2024 NY Slip Op 50986(U))

[*1]

Santoro v State of New York

2024 NY Slip Op 50986(U)

Decided on June 28, 2024

Court Of Claims

Mejias-Glover, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 28, 2024
Court of Claims

John N. Santoro Jr., Claimant,

against
The State of New York, Defendant.

Claim No. 141432

FOR CLAIMANT:
JOHN N. SANTORO, JR., Pro Se 
FOR DEFENDANT:
HON. LETITIA JAMES, NYS ATTORNEY GENERAL
By: Ray A. Kyles, Esq., Assistant Attorney General

Linda K. Mejias-Glover, J.

Defendant, the State of New York (hereinafter, the "Defendant"), moves by Notice of Motion dated January 11, 2024 and, filed with the Court on January 16, 2024, pursuant to CPLR §§ 215 (3), 3211 (a) (2), and (8), and Court of Claims Act §§ 10 (3-a)[FN1]
, and 11 dismissing the Claim for lack of personal and subject matter jurisdiction due to the untimely service and commencing an action beyond the statute of limitation.
Now, having carefully reviewed the papers and exhibits filed, Defendant's motion is granted in part and denied in part for the reasons more specifically set forth hereinbelow.
 Relevant Factual Background and Parties' Relevant Arguments
Claimant served a Notice of Intention to file a Claim (hereinafter, "NOI") alleging threats, harassment, retaliation, sexual assault, and battery by staff while housed at Auburn Correctional Facility (hereinafter, "Auburn") on December 8, 2021 through January 6, 2022, as well as medical negligence and wrongful confinement by certified mail, return receipt requested, upon the Office of the Attorney General (hereinafter, the "OAG") which was received on February 24, 2022. A second notice of intention to file a claim (hereinafter, the "Second NOI") containing essentially the same allegations as the NOI was served by certified mail, return receipt requested and received by OAG on March 22, 2022. Thereafter, a claim alleging threats, harassment, retaliation, sexual assault, and battery by staff while housed at Auburn on December 8, 2021 through January 6, 2022, as well as medical negligence and wrongful confinement was then served by certified mail, return receipt requested and received by OAG on December 4, 2023 (hereinafter, the "Claim").
In his Claim, Claimant alleges that he was the victim of threats, harassment, retaliation by CO's Filkins, Edgar, Zehr, Peters, Salisbury, and two unknown officers at Auburn on December 8, 2021 through January 6, 2022, that he was subjected to retaliation by Commissioner Annucci, and Superintendent McCarthy after he reported CO's Filkins, Edgar, and Salisbury for threats and harassment, and that Superintendent McCarthy committed further abuse against him in refusing to speak to him about his PREA claim. Claimant further alleges that he was wrongfully confined from January 10, 2022 through January 20, 2022 while at Attica Correctional Facility based upon a misbehavior report issued at Auburn for an incident that occurred on January 6, 2022. Claimant also alleges that the State was negligent in that it failed to provide him with appropriate medical care.
In support of the motion, Defendant's counsel argues that the NOI is defective as it is untimely and was served beyond the 90-day statutory period and that it, therefore, did not serve to extend the time for filing and serving a claim pursuant to Court of Claims Act § 10 (3).
Counsel further argues that Claimant cannot recover as a matter of law for his claims of harassment against CO's Filkins, Edgar, and Salisbury or on his claim that Commissioner Annucci and Superintendent McCarthy retaliated against him, as New York does not recognize those common law causes of action. Counsel also argues that to the extent Claimant seeks recovery merely for alleged violations of DOCCS directives, such a claim is not viable in the Court of Claims, and that Claimant cannot recover for any alleged negligence in the investigation of his PREA claim and grievance at Auburn or other officials, as a claim for negligent investigation is not actionable in New York State.
With respect to the cause of action for assault and battery committed by CO's Peters, Zehr, Dart, and Pidkaminy at Auburn on January 6, 2022, counsel concedes that the NOI was timely filed, but that the claim was served beyond the statute of limitations, to wit: one year for actions to recover damages for assault and battery (CPLR 215 [3]).
In opposition, Claimant argues, inter alia, that "the Defendant misrepresents and misconstrues the nature and circumstances giving rise to the Claim, by omitting facts detailed within the Claim and minimizing and distorting the context as being for 'threats, harassment, retaliation, assault, and battery by staff' and further for 'Superintendent McCarthy . . . refusing to speak to him about his . . . Claim.' " Claimant asserts that the Claim does state valid causes of action, does not lack personal or subject matter jurisdiction, and was commenced within the established statute of limitations.

Decision and Order
Court of Claims Act § 11 (a) (i) provides that a copy of the claim and/or notice of intention to file a claim shall be served upon the Attorney General either personally or by certified mail, return receipt requested, within the times provided for filing with the clerk of the court. The filing and service requirements set forth in the Court of Claims Act are jurisdictional in nature and therefore must be strictly construed (see Finnerty v New York State Thruway Auth., 75 NY2d 721 [1989]). The law is settled that "[a]nything less than strict compliance with New York's statutory requirements will result in the court dismissing [the] claim" (see Kolnacki v. State of NY, 8 NY3d 277 [2007], citing Long v State of New York, 7 NY3d 269, 276 [2006] [dismissing claimant's action for failure to comply with verification requirements of Court of Claims Act § 8-b(4)]). Here, the 90-day statutory period to with file a claim or serve a notice of intention to file a claim expired on April 6, 2022 (assault and battery) and April 20, 2022 (wrongful confinement). Accordingly, the NOI, served on February 24, 2022, and the Second NOI, served March 22, 2022, were both timely and properly served upon the OAG, thereby extending Claimant's time to file and serve the claim in accordance with Court of Claims Act § 10 (3-b).
Court of Claims Act § 10(3-b) requires that a claim to recover damages for assault and battery, and for wrongful confinement "shall be filed" and served upon the OAG within 90 days of the accrual of the cause of action, unless a notice of intention is served within that time, in which event the claim shall be filed and served upon the attorney general within one year after the accrual of such claim. Here, the Claim for assault and battery accrued on January 6, 2022 and the claim for wrongful confinement accrued on January 20, 2022. The claims for assault and battery and wrongful confinement must have been filed and served by January 6, 2023 and January 20, 2023, respectively. Having filed the Claim on November 20, 2023, and served same upon the OAG on December 4, 2023, the causes of action for assault, battery and wrongful confinement must be dismissed as untimely.
With respect to the causes of action for harassment, the Court concludes that it is well settled that New York does not recognize a common law cause of action to recover damages for harassment (Wells v Town of Lenox, 110 AD3d 1192, 1193-1194 [3d Dept 2013]; Monreal v New York State Dept. of Health, 38 AD3d 1118, 1119 [3d Dept 2007]; Daulat v Helms Bros., Inc., 18 AD3d 802, 803 [3d Dept 2005]). Thus, the cause of action for harassment is dismissed.
With respect to the cause of action for retaliation, it has been held that "there is no cognizable cause of action for retaliation" on behalf of an incarcerated individual in the Court of Claims (Williams v State of New York, UID No. 2016-038-107 [Ct Cl, DeBow, J., April 18, 2016]). Thus, the cause of action for [*2]retaliation is dismissed.
With respect to the causes of action for failure to take appropriate action in response to threats against Claimant and for failure to protect him, although Claimant has not used the exact words, his allegations constitute the elements of a cause of action for negligent infliction of emotional distress, i.e. the "breach of a duty owed to [a claimant] which unreasonably endangered [his or] her physical safety, or caused [him or] her to fear for [his or] her own safety" (Graber v Bachman, 27 AD3d 986, 987 [3d Dept 2006]; see also Moore v Melesky, 14 AD3d 757 [3d Dept 2005]; Sheila C. v Povich, 11 AD3d 120 [1st Dept 2004]). Accordingly, the Court finds that the claim states a cause of action for negligent infliction of emotional distress for which the applicable statute of limitations is three years from the date of the act (CPLR 214 [5]). Thus, the cause of action for negligent infliction of emotional distress is timely (Williams v State on New York, # 2018-015-151, Claim No. NONE, Motion No. M-92153 [Ct. Cl. Collins, J. Aug. 23, 2018]).
With respect to the cause of action for constitutional tort, (cruel and unusual punishment, as well as the violation of his rights under the Equal Protection of the Law), no cause of action for cruel and unusual punishment under the New York State Constitution will lie where the claimant has an adequate remedy in an alternate forum (Inmate M. v State of New York, 164 AD3d 1629 [4th Dept 2018]; Shelton v New York State Liq. Auth., 61 AD3d 1145, 1150 [3d Dept 2009]). Finally, even the most liberal view of the allegations in this claim would not sustain a cause of action for cruel and unusual punishment (Wilkinson v Skinner, 34 NY2d 53 [1974]). Thus the causes of action for constitutional torts are dismissed.
Lastly, with respect to the cause of action for medical negligence, which accrued on January 6, 2022, the two and a half year statute of limitations is applicable as set forth in CPLR 214-a. Accordingly, the cause of action for medical negligence is timely.
Based upon the foregoing, all causes of action in the Claim, except for the cause of action for medical negligence and negligent inflection of emotional distress are dismissed.
Accordingly, it is hereby
ORDERED, that Defendant's motion (M-100374) is GRANTED in part, and DENIED in part, as more specifically set forth hereinabove.
Dated: June 28, 2024
Hauppauge, New York
HON. LINDA K. MEJIAS-GLOVER,
Judge of the Court of Claims
Papers Read on this Motion:
1. Notice of Motion to Dismiss, dated January 11, 2024, Affirmation of Ray A. Kyles, AAG in Support of Defendant's Motion to Dismiss, Exhibits Annexed
2. Claimant's Answer, filed on January 29, 2024

Footnotes

Footnote 1:The applicable section of the Court of Claims Act for the causes of actions alleged in the Claim is 10 (3-b).